12-1270-cv
Great Lakes Bus. Trust v. M/T Orange Sun

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand thirteen.

Present:     BARRINGTON D. PARKER,
             SUSAN L. CARNEY,
                     *Circuit Judges,*
             JED S. RAKOFF,
                     *District Judge.*[*]

---

| | |
|---|---|
| GREAT LAKES BUSINESS TRUST, No. 1998 - Dtd 10/10/98, GREAT LAKES DREDGE & DOCK CO. LLC, | |
| *Plaintiffs–Appellees,* | |
| v. | No. 12-1270-cv |
| M/T ORANGE SUN, her engines, sails, boilers, tackle, etc., in rem, ARTIC REEFER CORP., INC., ATLANSHIP S.A., in personam, | |
| *Defendants–Appellants.* | |

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLANTS: RICHARD CALDARONE, Mayer Brown LLP, Washington, DC (Andrew L. Frey, Mayer Brown LLP, New York, NY, Vincent M. DeOrchis, Montgomery McCracken Walker & Rhoads LLP, New York, NY, *on the brief*).

FOR PLAINTIFFS-APPELLEES: GENE C. SHAERR, Winston & Strawn LLP, Washington, DC (H. Allen Black III, Winston & Strawn LLP, Washington, DC, Wayne Meehan, Gina Venezia, Freehill Hogan & Mahar LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendants M/T ORANGE SUN, Arctic Reefer Corp.,[2] and Atlanship S.A. appeal from a March 2, 2012 judgment awarding plaintiffs Great Lakes Business Trust and Great Lakes Dredge & Dock Co. (collectively, "Great Lakes") loss of use damages in the amount of $11,736,645,[3] arising from a 2008 allision between the tanker M/T ORANGE SUN and the dredge NEW YORK (the "Dredge"), a vessel owned and operated by Great Lakes.[4] The allision, for which defendants conceded

---

[1] On stipulation of the parties and by subsequent order of this Court, plaintiffs withdrew their cross-appeal, No. 12-1480.

[2] It appears from defendants' filings that "Arctic Reefer Corp." is the correct spelling of this party's name, and accordingly, we use that spelling in the text of this order. In the caption of this order, however, in accordance with Federal Rule of Appellate Procedure 12(a), we use the spelling that conforms to the title of the district court action.

[3] The judgment also included an award of prejudgment interest.

[4] An allision is "a collision between a moving vessel and a stationary object." Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 208 n.1 (2d Cir. 2009) (internal quotation marks omitted).

responsibility, put the Dredge out of service for 194 days while it underwent repairs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

The parties agree that, in admiralty, plaintiffs may recover damages for "the loss of profits or of the use of a vessel pending repairs, or other detention, arising from a collision or other maritime tort," but only when "profits have actually been, or may be reasonably supposed to have been, lost, and the amount of such profits is proven with reasonable certainty." The Conqueror, 166 U.S. 110, 125 (1897). When determining lost profits, district courts have a "wide range of judgment" in selecting "the standard to be applied and . . . the method of applying it." Brooklyn E. Dist. Terminal v. United States, 287 U.S. 170, 176 (1932).

We review the "district court's findings of fact for clear error and its conclusions of law *de novo*." Senator Linie GMBH & Co. KG v. Sunway Line, Inc., 291 F.3d 145, 151 (2d Cir. 2002). "No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under Rule 52(a) of the Federal Rules of Civil Procedure." McAllister v. United States, 348 U.S. 19, 20 (1954).

For substantially the reasons stated by the District Court in its thorough and well-reasoned opinion, we affirm the court's conclusion that Great Lakes proved its lost profits with the requisite "reasonable certainty." See Great Lakes Bus. Trust v. M/T Orange Sun, 855 F. Supp. 2d 131, 151 (S.D.N.Y. 2012). Plaintiffs were not (as

3

defendants argue) required to demonstrate that the Dredge had lost a specific contract in order to recover damages, because – as the District Court found after a three-day bench trial – "there was an active market for the Dredge (both in New York and in other U.S. locations) at the time of the allision, immediately thereafter, presently[,] and into the foreseeable future." Id. at 141. This factual finding is not clearly erroneous. In light of its finding that there was an "active market" for services provided by the Dredge, the court permissibly determined that it was reasonably certain that the Dredge would have found work, or moved on to additional work sooner, if not for the allision. No more specific finding of particular lost contracts or opportunities was necessary to sustain an award of damages for lost profits. See, e.g., Moore-McCormack Lines, Inc. v. The Esso Camden, 244 F.2d 198, 201 (2d Cir. 1957); The Gylfe v. The Trujillo, 209 F.2d 386, 389 (2d Cir. 1954); The James McWilliams, 42 F.2d 130, 132 (2d Cir. 1930).

We also affirm the District Court's calculation of the Dredge's lost profits. Its analysis was based on its finding that the Dredge would have been utilized about 92% of the time that it lost while undergoing repairs. Defendants contend that this utilization rate was erroneous because it was derived from an unusually busy period in the Dredge's history. But the District Court properly considered the state of the market in which the Dredge would have been operating if not for the allision. See The Gylfe, 209 F.2d at 389-90. The court relied on "credible testimony that demand for the Dredge's unique capabilities was increasing[,] there was robust national and international demand [and] . . . competition for the Dredge had

4

declined." <u>Great Lakes Bus. Trust</u>, 855 F. Supp. 2d at 154-55.  The court also did not clearly err by rejecting the testimony of defendants' expert, who proposed a lower utilization rate, since that expert's calculation "exclude[d] certain contracts . . . and also [did] not account for increased utilization rates since 2007."  <u>Id.</u> at 155. We see no reason to disturb these findings.

We have considered defendants' remaining arguments and find them to be without merit.  Accordingly, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk